IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KINGRALE COLLINS**                                                                                                          **PETITIONER**

No. 2:25-cv-00120 DPM/PSH

**R. TODD BALL, Warden,**
**BRANDON DAVIS, Deputy Warden,**
**and RICHARDSON, Deputy Warden**                                        **RESPONDENTS**

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Kingrale Collins ("Collins") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. He is in the custody of the Arkansas Division of Correction

1

("ADC") after being found guilty of capital murder in Cross County Circuit Court in 2014. Collins was sentenced to life imprisonment without parole.

Collins has previously sought habeas corpus relief with the Court, filing his first federal habeas corpus case in April 2015. *See Collins v. Arkansas*, No. 5:15cv-00124-DPM. In that case, Collins claimed, among other things, that evidence was obtained pursuant to an unconstitutional search and seizure and pursuant to an unlawful arrest and false imprisonment. This petition was denied and dismissed with prejudice on September 8, 2015, and the Court denied the issuance of a certificate of appealability.

Collins again sought habeas relief in September 2016. *See Collins v. Lay, et al.*, No. 5:16-cv-00295-DPM. Collins attacked his capital murder conviction, claiming, among other things, he was denied his right to appeal and received ineffective assistance of counsel. This petition was denied and dismissed without prejudice on November 16, 2016, due to Collins' failure to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive petition.

A third habeas petition was filed by Collins in 2023. *See Collins v. Shipman and Culcloger*, No. 4:23-cv-01123-DPM. This petition was dismissed without prejudice on February 2, 2024, due to Collins' failure to pay the filing fee or file a motion to proceed *in forma pauperis*.

Collins filed the instant petition on June 13, 2025, alleging four claims for relief. 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Emphasis added). The statutory language is clear that permission must be received before the filing of the successive petition with the district court. *Burton v. Stewart*, 549 U.S. 147 (2007). "The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his" successive petition, and the District Court was therefore without jurisdiction to entertain it. *Id.* at 157.

Because Collins has not obtained the requisite permission from the Eighth Circuit Court of Appeals, this Court recommends that the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue

on which petitioner has made a substantial showing of a denial of a constitutional right, and recommends that the certificate of appealability should therefore be denied.

IT IS SO RECOMMENDED this 18th day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE